MAURICE SANCHEZ (SBN 101317)
LISA M. GIBSON (SBN 194841)
CRISPIN COLLINS (SBN 311755)
NELSON MULLINS RILEY & SCARBOROUGH LLP
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:   424.221.7400
Facsimile:   424.221.7499
Email:   mo.sanchez@nelsonmullins.com
         lisa.gibson@nelsonmullins.com

Attorneys for Third Parties
SUBARU OF AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SUBARU OF AMERICA, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>HTMC, LLC dba SUBARU EL CAJON, CHRIS GEORGE, and DOES 1 through 200, inclusive,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT (DEALER AGREEMENT)**<br>2. **BREACH OF CONTRACT (SETTLEMENT AGREEMENT)**<br>3. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br>4. **FRAUD**<br>5. **INTENTIONAL MISREPRESENTATION**<br>6. **CONCEALMENT**<br>7. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**<br>8. **VIOLATION OF VEHICLE CODE SECTIONS 11705 (A) (14) AND 11711(A)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, SUBARU OF AMERICA, INC., a New Jersey Corporation, ("SOA") for its Complaint against Defendants HTMC, LLC dba SUBARU EL CAJON ("EL CAJON"), CHRIS GEORGE ("GEORGE"), and DOES 1 through 100 (collectively "DEFENDANTS"), alleges as follows:

## NATURE OF THE ACTION

1. In this action, SOA seeks monetary and injunctive relief for breach of contract, breach of the covenant of good faith and fair dealing, fraud, intentional misrepresentation, concealment, unfair and deceptive business practices, and violations of the Vehicle Code under the laws of the State of California.

## THE PARTIES

2. SOA is a corporation organized and existing under the laws of New Jersey, with its principal place of business at 2235 Route 70 West, Cherry Hill, New Jersey 08002 and is authorized to do business in the State of California.

3. EL CAJON is a limited liability company organized and existing under the laws of California, with its principal place of business at 450 Vista West Way, Vista, California 92085. All of the members of EL CAJON are individuals, on information and belief, residing in southern California.

4. GEORGE, and Does 1 through 50 are individuals, on information and belief, residing in southern California and are or were employees or owners of EL CAJON.

5. Does 51 through 100 are business entities and their employees, on information and belief, located in Southern California, which do or did business with EL CAJON on the matters described herein.

6. The true names and capacities, whether individual, corporate or otherwise, of the defendants named herein as DOES 1 through 100, inclusive, are presently unknown to SOA, which therefore sues these defendants by said fictitious names. SOA will amend this complaint to allege these defendants' true names and capacities when they become known.

7. SOA is informed and believes, and thereon alleges, that, at all times mentioned herein, each of the defendants named as DOES 1 through 100 has been an officer, director, agent, employee, vendor or alter ego of the other defendants and in doing the acts alleged herein has incurred liability to SOA, which caused harm in the Central District of California.

**JURISDICTION AND VENUE**

8. This Court has original jurisdiction over this action under 28 U.S.C. Sections 1332 and 1367(a) and based upon the principles of supplemental jurisdiction. Jurisdiction over the causes of action exists because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over the DEFENDANTS in that all of the DEFENDANTS have committed the acts alleged herein and caused injury, in this District.

10. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) in that EL CAJON has agreed, in a written contract executed in this District, to such venue and the harm to SOA giving rise to the claims hereinafter set forth occurred in this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

11. SOA is engaged in the business of importing, distributing and advertising new motor vehicles and related accessories and parts. SOA distributes new Subaru vehicles to authorized dealers located throughout the continental United States and Alaska for sale to the public, and holds a license from the State of California to conduct this business within the State. SOA has, itself and through predecessor companies, been engaged in the motor vehicle business in the United States for approximately 50 years.

12. EL CAJON holds an automobile dealer license from the California Department of Motor Vehicles. EL CAJON has been a Subaru dealer since in or about 2011. SOA and EL CAJON, doing business as Subaru El Cajon, entered into a Subaru Dealer Agreement, which incorporates the Standard Provisions therein, the latest version of which was executed on or about February 5, 2014 (the "Dealer Agreement" or "Standard Provisions"). The Dealer Agreement authorized, among other things, EL CAJON to sell Subaru vehicles and other authorized products ("Subaru Products") at 900 Arnele Avenue, El Cajon, California 92020 ("the Dealership

Premises"). A true and correct copy of the current Dealer Agreement and Standard Provisions is attached hereto as Exhibit "A."

13. Under Section 9.1 of the Standard Provisions, EL CAJON agreed to use its best efforts to sell and promote Subaru Products in its Area of Responsibility, as defined in the Dealer Agreement.

14. Under Section 9.2 of the Standard Provisions, EL CAJON agreed to advertise Subaru Products, including Subaru vehicles and "to inform and remind the general public of the desirability of Subaru Products" for sale.

15. Under the covenant of good faith and fair dealing which is implied in every contract, EL CAJON agreed to deal fairly and in good faith with SOA and to be truthful and honest in its dealings with SOA.

16. Under Section 16.1 of the Standard Provisions, EL CAJON agreed to keep accurate and current records in accordance with the accounting systems and practices set forth in the Subaru Accounting Manual, as amended from time to time and with accounting practices and procedures reasonably satisfactory to SOA. Under Section 16.3 of the Standard Provisions, SOA may inspect the methods, records and accounts of EL CAJON relating to its operations.

17. SOA maintains and has maintained a program since at least 2006, whereby it assists Subaru Dealers in advertising Subaru Products, called the Subaru Ad Fund ("SAF"). Under the SAF, Subaru will reimburse a dealer a certain percentage of the amount spent on advertising Subaru products, providing the dealer and the specific advertising meet certain criteria, as set forth in the SAF Policy Manual. An advertising reimbursement program of this type is also known as a co-operative or "co-op" advertising program. A true and correct copy of the SAF Policy Manual for 2016 is set forth herein as Exhibit "B."

18. As set forth in Exhibit "B", the stated purpose of the SAF is "to offer Subaru retailers [dealers] with the opportunity to receive financial support for effective local advertising and marketing programs that are consistent with the Subaru brand image." (Explanation added.)

19. On or about September 1, 2016, SOA learned and informed Mr. James Crowley, the managing member of EL CAJON that SOA had discovered false and fraudulent invoices had been submitted to SOA on behalf of EL CAJON, seeking reimbursement under the SAF, in at least the amount of $282,853.27. The amounts claimed were purportedly to help pay for radio advertisements for Subaru that had not been aired. The amount potentially represents only a fraction of the false claims submitted by Defendants for reimbursement under the SAF. The false claims amounts had already been paid by SOA.

20. Mr. Crowley, on information and belief, on or after September 1, 2016, asked GEORGE, the General Manager at the Subaru dealership, about the false and fraudulent claims. GEORGE admitted to Mr. Crowley that he made the false and fraudulent claims, and further admitted that the SAF funds paid by SOA had been used by EL CAJON to pay for advertisements for *Mazda* vehicles, a competitor with whom EL CAJON's Subaru dealership shared the Dealership Premises at the time, and had not been used to pay for advertising Subaru vehicles as had been claimed by EL CAJON.

21. Despite the admission that EL CAJON had fraudulently obtained hundreds of thousands of dollars from SOA and wrongfully used those funds to aid a direct competitor, Mr. Crowley did not immediately undertake any affirmative action to remove GEORGE from his position. Until in or about June, 2018 when the Mazda dealership was sold, GEORGE, on information and belief, continued to work at the Dealership Premises . Moreover, EL CAJON, through Mr. Crowley, further misrepresented to SOA that GEORGE had been removed from his position in late 2016, but instead GEORGE had merely been moved a few feet over in the same building, and was still listed as working in management of EL CAJON on the Subaru El Cajon website.

22. Most major automotive companies, including SOA, use programs like the SAF to optimize their advertising "share of voice" in a market and to present a positive brand image to the ultimate consumer. Optimizing the "share of voice" has a direct and significant impact on the positioning and prominence of the brand image and value to the ultimate customer. Instead of optimizing SOA's share of voice in the market, Defendants pretended to place advertising for the

Subaru brand and, in fact, placed advertising for the Mazda brand, a direct competitor. The effect of Defendants' actions was to optimize the Mazda brand at the expense of the Subaru brand, to the detriment of SOA.

23. On information and belief, GEORGE and DOES 1-100, acting on behalf of EL CAJON or themselves, either directly submitted or directed others to submit SAF claims to SOA for advertisements that were not aired and/or were aired on behalf of a competitor and not to promote Subaru Products.

24. Further, EL CAJON misrepresented that GEORGE had been removed from working at the EL CAJON dealership facility, when in fact GEORGE was allowed to remain working there, to the detriment of SOA and its customers in an amount according to proof at the time of trial.

25. As a result of these intentional and egregious acts of Defendants, SOA has incurred damages in the payments for SAF reimbursements which EL CAJON should not have received and in harm to SOA and Subaru customers, which are over and above the minimum amount to invoke the diversity jurisdiction of this court.

### FIRST CLAIM FOR RELIEF

### (BREACH OF CONTRACT (DEALER AGREEMENT) --- AGAINST EL CAJON)

26. SOA incorporates by reference Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Under Section 5.1(d) of the Standard Provisions of the Subaru Dealer Agreement ("Standard Provisions"), EL CAJON agrees "not to engage in any unfair, deceptive, misleading, unethical, discriminatory, fraudulent, illegal or otherwise prohibited practice."

28. Under Section 17.1.5 of the Standard Provisions, "Transmission or submission by Dealer of a … claim for reimbursement, refund or credit, which Dealer knew or should have known was misleading, false, fraudulent or materially inaccurate" is deemed a material breach of the Dealer Agreement.

29. By submitting false, fraudulent and misleading SAF claims, EL CAJON has materially breached Sections 5.1 (d) and 17.1.5 of the Standard Provisions. Furthermore, by

keeping GEORGE in management of EL CAJON for 22 months after SOA was told that he had been removed, EL CAJON breached Section 5.1(d) of the Standard Provisions.

30. SOA has complied with its obligations under the Dealer Agreement.

31. As a result of EL CAJON's breaches of the Dealer Agreement as alleged above, SOA has suffered harm in the form of monetary damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

32. EL CAJON has wrongfully profited from its breaches of the Dealer Agreement and has been unjustly enriched to the detriment of SOA. EL CAJON's breaches have caused SOA monetary damage in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF

## (BREACH OF CONTRACT (SETTLEMENT AGREEMENT) – AGAINST EL CAJON)

33. SOA incorporates by reference Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. In or about February, 2017 SOA and EL CAJON entered into a Settlement Agreement, a true and correct copy of which is attached hereto as Exhibit "C." In the Settlement Agreement, SOA and EL CAJON agreed that pursuant to the terms and conditions set forth in the SAF Policy Manual, the penalty for the fraudulent activity alleged herein totaled $424,279.90, an amount equal to 150% of the amount in fraudulent invoices submitted to SOA.

35. In the Settlement Agreement, EL CAJON proposed to sell all of its Subaru dealership assets to Greg Miller Automotive Operations, LP ("Miller"), in exchange for SOA not pursuing a fraud action against it. Though it located a potential buyer in Miller, EL CAJON failed to complete the sale of assets to Miller through no fault of SOA. Therefore, EL CAJON breached the Settlement Agreement.

36. SOA performed its obligations under the Settlement Agreement or was excused from performance.

37. EL CAJON's breaches of the Settlement Agreement have caused SOA monetary damage in an amount yet to be determined. The Settlement Agreement provides that in the

event of a breach, SOA is entitled to recover its damages incurred as the result of the false and fraudulent SAF claims submitted as well as its attorneys' fees and costs.

38. The Settlement Agreement further provides that venue is proper in the Central District of California, and that neither party shall challenge venue.

## THIRD CLAIM FOR RELIEF

## (BREACH OF THE COVENANT OF GOOD FAITH AND FIAR DEALING - AGAINST EL CAJON)

39. SOA incorporates by reference Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. SOA and EL CAJON are parties to the Dealer Agreement, which in Section 5.1 (d) of the Standard Provisions specifically requires EL CAJON to avoid any unfair, deceptive, misleading, unethical, discriminatory, fraudulent, illegal or otherwise prohibited practice, and in Section 17.1.5 of the Standard Provisions prohibits the "Transmission or submission by Dealer of a … claim for reimbursement, refund or credit, which Dealer knew or should have known was misleading, false, fraudulent or materially inaccurate."

41. Implied in every agreement is a covenant of good faith and fair dealing. Therefore, implied in the Dealer Agreement and in the Settlement Agreement is an obligation on the part of EL CAJON to act in good faith to permit SOA to receive the benefits of that contract.

42. SOA has complied with its obligations under the Dealer Agreement and the Settlement Agreement.

43. No conditions existed to excuse EL CAJON's performance of its obligations under either the Dealer Agreement or the Settlement Agreement.

44. EL CAJON's submission of false and fraudulent claims for SAF funds and in particular, EL CAJON's actions in utilizing SOA's funds to advertise a competitor's vehicles and products, further damaged SOA, its brand and standing in the community and interfered with SOA's right to receive the benefits of the Dealer Agreement.

45. EL CAJON's retention of GEORGE as an employee at the same Dealership Facilities as the Subaru dealership, after it had represented to SOA that GEORGE had been

removed, further interfered with SOA's right to receive the benefits of the contract.

46. EL CAJON's actions in failing in bad faith to complete the sale of its assets, as required under the terms of the Settlement Agreement further interfered with SOA's right to receive the benefits of the contract.

47. As a result of EL CAJON's breaches of the covenant of good faith and fair dealing in the Dealer Agreement and the Settlement Agreement as alleged above, SOA has suffered harm in the form of damage and injury to its business, reputation and goodwill, and has and will sustain loss of revenues and profits.

48. EL CAJON has wrongfully profited from its breaches of the covenant of good faith and fair dealing and has been unjustly enriched to the detriment of SOA. EL CAJON's breaches have caused SOA monetary damage in an amount yet to be determined.

## FOURTH CLAIM FOR RELIEF
## (FRAUD – AGAINST ALL DEFENDANTS)

49. SOA incorporates by reference Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. EL CAJON, GEORGE, and DOES 1 through 100 submitted false SAF reimbursement claims which stated that advertisements had been run for Subaru Products, when in fact no such advertisements had been run, and SOA's funds had been used instead to run advertisements for a direct competitor.

51. EL CAJON, GEORGE and the DOE defendants submitted SAF claims to SOA for advertisements that purported to be true and accurate.

52. The sham claims were for advertisements that were either not run and/or were run to advertise a competitor's products.

53. EL CAJON, GEORGE and the DOE defendants each knew or should have known that their SAF claims submissions to SOA as referenced herein were false and fraudulent at the time they were made.

54. EL CAJON, GEORGE and the DOE defendants each intended that SOA would rely on these false submissions and that as a result EL CAJON would improperly qualify for reimbursement payments.

55. SOA reasonably relied on EL CAJON, GEORGE and the DOE defendants' SAF claims submissions.

56. As a result of these false SAF claims submissions and SOA's reliance thereon, SOA incurred monetary damages in an amount to be determined at trial.

57. Defendants' actions were intentional and Defendants knew that their actions would cause SOA to suffer substantial damages, in knowing disregard of the lawlessness of their actions. This fraudulent, oppressive and/or malicious conduct was conducted by a managing agent of EL CAJON, by GEORGE and the other DOE defendants either for themselves or by a managing agent on their behalf or was ratified by a managing agent and as such entitles SOA to a recovery of punitive and exemplary damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

## (INTENTIONAL MISREPRESENTATION – AGAINST ALL DEFENDANTS)

58. SOA incorporates by reference Paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59. EL CAJON, GEORGE and the DOE defendants submitted SAF reimbursement claims to SOA which stated that the advertisements were run for Subaru Products.

60. EL CAJON, GEORGE and the DOE defendants submitted SAF claims to SOA for such advertisements that were purported to have been run to promote Subaru Products and brand. The advertisements which are the subject of this complaint were either not run and/or were run to benefit a competitor, not Subaru.

61. EL CAJON and the DOE defendants deliberately represented to SOA that GEORGE had been removed from the management of EL CAJON, which representation was not true, and such misrepresentation continued for approximately 22 months.

62. EL CAJON, GEORGE and the DOE defendants knew or should have known that their subject representations to SOA were false at the time they were made.

63. EL CAJON, GEORGE and the DOE defendants intended and knew that SOA would rely on these misrepresentations and sought to avoid adverse action by SOA against EL CAJON and to improperly qualify for SAF reimbursement payments provided by SOA, and to avoid any further adverse action by SOA.

64. SOA reasonably relied on the representations of EL CAJON, GEORGE and the DOE defendants.

65. As a result of these misrepresentations of defendants and each of them, and SOA's justifiable reliance thereon, SOA incurred monetary damages in an amount to be determined at trial.

66. Defendants' actions were intentional and Defendants knew that their actions would cause SOA to suffer substantial damages, in knowing disregard of the lawlessness of their actions. This fraudulent, oppressive and/or malicious conduct was conducted by a managing agent of EL CAJON, by GEORGE and the other DOE defendants either for themselves or by a managing agent on their behalf or was ratified by a managing agent and as such entitles SOA to a recovery of punitive and exemplary damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
## (CONCEALMENT – AGAINST ALL DEFENDANTS)

67. SOA incorporates by reference Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68. EL CAJON, GEORGE, and DOES prevented SOA from discovering the actual effectiveness of advertisements for Subaru Products in EL CAJON's market by submitting false SAF claims to SOA and by utilizing those funds for the benefit of a competitor.

69. SOA did not, does not and will likely never know the actual effectiveness of advertisements for Subaru Products in EL CAJON's market and how much in profits SOA

lost to a competitor as a result.

70. EL CAJON, GEORGE and DOES intended to deceive SOA by concealing from it the actual effectiveness of advertisements for Subaru Products in EL CAJON's market. If the concealed information been disclosed, SOA reasonably would have behaved differently.

71. EL CAJON and DOES further intended to deceive SOA by concealing from it the fact that GEORGE had not been removed from the EL CAJON dealership and from management of such dealership, as had been falsely represented to SOA by EL CAJON.

72. As a result of these acts of concealment, SOA incurred monetary damages in an amount to be determined at trial.

73. Defendants' actions were intentional and Defendants knew that their actions would cause SOA to suffer substantial damages, in knowing disregard of the lawlessness of their actions. This fraudulent, oppressive and/or malicious conduct was conducted by a managing agent of EL CAJON, by GEORGE and the other DOE defendants either for themselves or by a managing agent on their behalf or was ratified by a managing agent and as such entitles SOA to a recovery of punitive and exemplary damages in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

## (UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 – AGAINST ALL DEFENDANTS)

74. SOA incorporates by reference Paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75. Defendants and each of them have engaged in unlawful, unfair, dishonest, deceptive, false and misleading acts and business practices, in violation of California Business and Professions Code sections 17200 *et seq.* including by, among other things, submitting or causing to be submitted sham and false SAF claims for Subaru Product advertisements to SOA when in fact, such advertisements were not run and/or were run to benefit a competitor and to harm SOA.

76. SOA has no adequate remedy at law. As a result of Defendants' acts as alleged above, SOA has suffered and will continue to suffer irreparable harm in the form of damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits, and will continue to do so unless and until Defendants are permanently restrained and enjoined by the Court from further violating SOA's rights.

77. Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of SOA. Defendants' unlawful actions have caused SOA monetary damage in an amount yet to be determined.

78. By reason of the acts of Defendants, SOA is entitled to restitution from Defendants of all income, gains, profits and advantages resulting from their wrongful conduct in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

## (VIOLATION OF VEHICLE CODE SECTIONS 11705(A)(14) AND 11711(A) – AGAINST ALL DEFENDANTS)

79. SOA incorporates by reference Paragraphs 1 through 78 of this Complaint as if fully set forth herein.

80. SOA, a licensee of the California Department of Motor Vehicles ("DMV"), has suffered and is suffering pecuniary damage in an amount to be determined, as a result of the willful failure of EL CAJON, GEORGE and those of the DOE defendants, who are also licensees of the DMV (under Vehicle Code section 11700), to comply with Vehicle Code sections 11705(a)(14) and 11711(a).

81. Vehicle Code section 11705(a)(14) states that it is unlawful "to cause[] any person to suffer any loss or damage by reason of any fraud or deceit practiced on that person or fraudulent representations made to that person in the course of the licensed activity." The Defendants' actions described above constitute fraud and deceit perpetrated against SOA in the course of their activities as licensees of the DMV.

82. Section 11711(a) states, in part: "If any person … shall suffer any loss or damage by reason of any fraud practiced on him or fraudulent representation made to him

by a licensed dealer or one of such dealer's salesmen acting for the dealer, in his behalf, or within the scope of the employment of such salesman … then any such person shall have a right of action against such dealer [or] his salesman….." The Defendants' actions described above constitute fraud and deceit perpetrated against SOA.

83. SOA itself as a licensee of the DMV, is entitled to recover its damages, to obtain injunctive relief and to recover its reasonable attorneys' fees, from defendants and each of them, as licensees of the DMV who committed fraud, pursuant to Vehicle Code section 11726.

84. Defendants' actions were intentional and Defendants knew that their actions would cause SOA to suffer substantial damages, in knowing disregard of the lawlessness of their actions. This fraudulent, oppressive and/or malicious conduct was conducted by a managing agent of EL CAJON, by GEORGE and the other DOE defendants either for themselves or by a managing agent on their behalf or was ratified by a managing agent and as such entitles SOA to a recovery of punitive and exemplary damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, SUBARU OF AMERICA, INC. respectfully prays for judgment as follows:

A. For an award of actual and exemplary damages and profits arising from all of Defendants' fraudulent actions, pre- and post-judgment interest, and SOA's costs and attorneys' fees associated with this action.

B. For restitution against all Defendants in an amount to be proven at trial for unfair, fraudulent and illegal business practices under California Business and Professions Code section 17200;

C. For monetary damages arising from EL CAJON's material breaches of the Dealer Agreement and the Settlement Agreement, in an amount to be proven at trial;

D. For a Permanent Injunction prohibiting EL CAJON or any of its owners, employees, agents, contractors or representatives, including but not limited to GEORGE, from submitting sham, false or fraudulent SAF claims to SOA.

E. For such other and further relief as this Court deems to be reasonable, necessary and just.

Dated: August 27, 2018  NELSON MULLINS RILEY &
                                                 SCARBOROUGH LLP
                                                 MAURICE SANCHEZ
                                                 LISA M. GIBSON
                                                 CRISPIN COLLINS

                                                 /s/ Maurice Sanchez
                                                 Attorneys for Plaintiff
                                                 SUBARU OF AMERICA, INC.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Subaru of America, Inc. hereby demands a trial by jury of all issues so triable.

Dated: August 27, 2018

NELSON MULLINS RILEY & SCARBOROUGH LLP
MAURICE SANCHEZ
LISA M. GIBSON
CRISPIN COLLINS


 /s/ Maurice Sanchez
Maurice Sanchez
Attorneys for Plaintiff
SUBARU OF AMERICA, INC.